Filed 4/14/25  Agundez v. Do & Co Los Angeles CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

|  |  |
|---|---|
| ADOLFO AGUNDEZ, | B334775 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 23STCV15627) |
| v. |  |
| DO & CO LOS ANGELES, INC., |  |
| Defendant and Appellant. |  |

APPEAL from an order of the Superior Court of Los Angeles County, Michael P. Linfield, Judge.  Affirmed.

Law Offices of Eli Mayer Kantor, Eli Mayer Cantor and Jonathan Kantor, for Defendant and Appellant.

Chami Law, Pouya B. Chami and Pablo F. Colmenares, for Plaintiff and Respondent.

_____

In July 2023 Adolfo Agundez filed a complaint against his former employer Do & Co Los Angeles, Inc. for disability discrimination and related causes of action under the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.) and for retaliation in violation of the Labor Code. Do & Co moved to compel arbitration pursuant to an arbitration agreement it claimed Agundez had signed upon commencing employment with the company. The trial court denied the motion, finding unconscionability permeated the arbitration agreement because it was procedurally unconscionable and included several substantively unconscionable terms, making severance infeasible.

Do & Co's sole contention on appeal is that the trial court lacked authority to decide unconscionability because issues of arbitrability were delegated to the arbitrator. However, in its briefing in the trial court Do & Co urged the court to find the agreement was not unconscionable, and it did not address the delegation clause. Do & Co has therefore forfeited its delegation argument. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *Agundez's Employment and the Complaint*

Do & Co is an airline catering company that sells food and beverage products to airlines and air charter companies operating out of Los Angeles International Airport and nearby airports. Agundez was employed by Do & Co as a driver and general laborer from February 2019 to December 2020.

On July 5, 2023 Agundez filed his complaint alleging seven causes of action under FEHA, including for disability discrimination, retaliation, failure to provide reasonable

2

accommodations, failure to engage in the interactive process, and failure to prevent discrimination and retaliation. The complaint also alleged a Labor Code violation for retaliation.

B.     *The Motion To Compel Arbitration*

On November 6, 2023 Do & Co moved to compel arbitration of Agundez's claims, arguing Agundez signed an arbitration agreement prior to commencing work for the company, his claims were subject to the arbitration agreement, and the arbitration agreement satisfied the requirements set forth in *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83. Do & Co also argued that any provisions of the arbitration agreement found by the trial court to be unenforceable should be severed and the remainder of the agreement enforced.

In support of its motion, Do & Co submitted a declaration from its human resources director, who explained the company "maintained a mandatory arbitration policy which makes assent to [Do & Co's] standard-form arbitration agreement a condition of employment; in accordance with such policy, applicants not wishing to enter into an arbitration agreement are not hired."

The declaration attached a copy of a 12-page arbitration agreement written in English with a signature that appears to read "Adolfo Agundez," dated January 30, 2019. The agreement stated that "[t]o provide for more expeditious resolution of certain employment-related disputes that may arise between [Do & Co] and you, an employee or applicant, [Do & Co] requests that you agree to this Binding Arbitration Agreement Including Class Action Waiver." (Capitalization omitted.) Further, "In agreeing to submit certain employment-related disputes for resolution by binding individual arbitration, you acknowledge that this Agreement is bargained for in exchange for your opportunity to

3

be considered for starting or continuing at-will employment as a [Do & Co] employee . . . . In exchange for your agreement to submit these disputes to binding arbitration, [Do & Co] likewise agrees to the use of arbitration as the exclusive forum for resolving employment disputes covered by this Agreement." The agreement applied to "[a]ny dispute, controversy, or claim arising out of, or relating to your employment relationship with [Do & Co] or any application for such employment relationship, or any termination of such employment relationship, unless specifically excluded pursuant to this Agreement . . . ." In addition, any arbitration would be conducted and administered by JAMS pursuant to its employment arbitration rules and procedures, which were "incorporated into this Agreement by reference."

The arbitration agreement required the parties "to make good faith efforts at resolving any dispute internally on an informal basis" prior to submitting the dispute to arbitration. Further, Do & Co would pay all arbitration fees and expenses; however, if the employee initiated the arbitration, the employee would pay the $181 filing fee. The employee could request a fee waiver from JAMS and, if the waiver is denied, Do & Co may "in its discretion" pay the fee on the employee's behalf.

The agreement stated with respect to discovery that each party "shall have the right to take the deposition of one individual and of each expert witness designated by the other party" and "[e]ach party shall further be entitled to production of relevant documents and things." Parties may obtain additional discovery "where the arbitrator pursuant to the JAMS Rules so orders, upon a showing of need."

The agreement also included a severability clause stating that "[i]n the event any portion of this Agreement is found to be

4

unenforceable or illegal, it can be severed, and the other provisions will remain in full force and effect."

In his opposition Agundez argued the arbitration agreement was unenforceable because it was procedurally and substantively unconscionable. Agundez stated in his declaration that he did not recall signing the arbitration agreement or seeing the agreement prior to the litigation. He added that he is a native Spanish speaker whose "limited schooling was completed in Mexico," and he had a limited ability to speak or read English.

On December 8, 2023, after hearing argument from counsel, the trial court denied the motion to compel arbitration. The court found the agreement was procedurally unconscionable, reasoning it "is a classic take-it-or-leave-it contract of adhesion" and Agundez had no "meaningful choice or opportunity to negotiate." The court emphasized that the agreement and supporting declarations submitted by Do & Co stated Agundez would not have been hired had he not signed the arbitration agreement. The court did not find credible Agundez's claim not to understand written English given that his declaration was written in English. Nonetheless, the court found Agundez's limited ability to speak and read English contributed to the procedural unconscionability.

The trial court also found substantive unconscionability based on the significantly limited discovery, mandatory informal dispute resolution process, and filing fee provisions. Finally, the court concluded that severing the unlawful provisions was not feasible because the agreement contained multiple unconscionable provisions and was permeated with unconscionability.

Do & Co timely appealed.

5

## DISCUSSION

Do & Co's sole contention on appeal is that the trial court erred in deciding unconscionability because the parties delegated determination of threshold issues to the arbitrator. Do & Co has forfeited this argument by failing to raise it in Do & Co's briefing in the trial court.

Section 4.a of the arbitration agreement titled "Claims Covered" states, "This Agreement to submit to individual, binding arbitration: [¶] i. [c]overs any dispute concerning the arbitrability of any such controversy or claim." Section 4.a.ii lists the types of claims covered by the agreement, including, among others, claims for breach of contract, wages or other compensation, torts, discrimination, retaliation, harassment, wrongful discharge, and violations of confidentiality or breaches of trade secrets. Do & Co argues the provision stating the agreement applies to any dispute regarding arbitrability of a claim constituted a clear delegation to the arbitrator of authority to decide "enforceability of the arbitration agreement," and therefore the trial court lacked authority to decide unconscionability.

Although a court typically decides the threshold questions whether an arbitration agreement is valid and enforceable, including fraud in the inducement and illegality of the agreement (including unconscionability), "[a]n exception to this rule applies when the parties have clearly and unmistakably agreed to delegate questions regarding the validity of the arbitration clause to the arbitrator. [Citations.] Such delegation clauses are generally enforceable according to their terms." (*Nielsen Contracting, Inc. v. Applied Underwriters, Inc.* (2018)

6

22 Cal.App.5th 1096, 1108; accord, *Mendoza v. Trans Valley Transport* (2022) 75 Cal.App.5th 748, 766.)

Do & Co forfeited its delegation argument by failing to raise it in its motion to compel arbitration or reply brief in the trial court. Instead, Do & Co's motion requested the court determine the issue of unconscionability—the very issue it now argues the arbitration agreement delegated to the arbitrator. For example, in its motion, Do & Co argued the court "should sever any provision it finds unenforceable." And in its reply brief, Do & Co responded to Agundez's unconscionability arguments on the merits and again urged the trial court to sever any provisions it found unconscionable. By requesting the court decide unconscionability and failing to argue the agreement delegated this question to the arbitrator, Do & Co submitted to the trial court's jurisdiction and forfeited any contention the court did not have the authority to decide questions of unconscionability. Do & Co's "litigation of that question in the trial court . . . is inconsistent with the claim that the . . . issue was for the arbitrator to decide," and it would be prejudicial to Agundez to consider the argument on appeal because he "has already litigated that question in the trial court." (*Mendoza v. Trans Valley Transport, supra,* 75 Cal.App.5th at pp. 769, 771 [employer forfeited delegation argument by raising it for the first time in its reply brief in the trial court]; accord, *Haydon v. Elegance at Dublin* (2023) 97 Cal.App.5th 1280, 1286-1287 [same]; *Cabatit v. Sunnova Energy Corporation* (2020) 60 Cal.App.5th 317, 322 [employer forfeited delegation argument by raising it for the first time on appeal].)

Do & Co implicitly acknowledges in its reply brief on appeal that it did not raise the delegation clause in its briefs in the trial

7

court. Instead, Do & Co argues it raised the issue at the hearing on the motion to compel arbitration, which it claims (without citation to authority) is sufficient to preserve the issue for appeal. Do & Co is mistaken.

During the hearing in the trial court, counsel for Do & Co stated, "There is also an issue that came up the first time in the tentative, which is the delegation clause of—it seems implicitly from the tentative that the court is not willing to give credence to the delegation clause . . . . I believe that there is substantial authority that—such that if the court finds that the agreement exists but also finds that it would be unconscionab[le], that would be—should be decided by an arbitrator rather than this court, and we would request as such."[1] This was the entirety of the argument on the delegation clause made by Do & Co's counsel at the hearing. Far from requesting the trial court abstain from deciding unconscionability, counsel suggested the court first make a finding on unconscionability, and then if it found unconscionability, send the case to arbitration for the arbitrator to "decide[]" the issue. In addition, counsel made this request at the hearing only after he argued the arbitration agreement was not substantively unconscionable.

Moreover, contrary to Do & Co's contention, it is well settled that raising an issue for the first time at a hearing in the trial court is not sufficient to preserve the issue for appeal. (See

---

[1] We note the trial court did not in its tentative ruling address whether the delegation clause required the arbitrator to decide unconscionability. Rather, the court set forth verbatim the "Claims Covered" provision in section 4.a, which included both the delegation clause in section 4.a.i and the list of covered claims in section 4.a.ii.

8

*Gilman v. Dalby* (2021) 61 Cal.App.5th 923, 939 [argument not raised until oral argument was forfeited]; *Rancho Pauma Mutual Water Co. v. Yuima Municipal Water Dist.* (2015) 239 Cal.App.4th 109, 118 [alluding to argument for first time during hearing in the trial court did not preserve issue for appeal].)[2]

---

[2] Even if we were to reach the delegation argument, Do & Co has not presented a persuasive argument why a clause delegating determination of the arbitrability of a controversy or claim (as opposed to enforcement of an agreement) shows the parties "clearly and unmistakably agreed to delegate questions regarding the validity of the arbitration clause to the arbitrator." (*Nielsen Contracting, Inc. v. Applied Underwriters, Inc., supra,* 22 Cal.App.5th at p. 1108; see *Beco v. Fast Auto Loans, Inc.* (2022) 86 Cal.App.5th 292, 303-304 [delegation to arbitrator of "dispute concerning the arbitrability of any such controversy or claim" did not apply to determination of unconscionability because the agreement did not state "expressly that the arbitrator shall decide questions of the enforceability of the arbitration provision"].) Each of the cases relied on by Do & Co holding the arbitration agreement delegated the unconscionability determination to the arbitrator considered an arbitration agreement that explicitly delegated "enforceability" of the agreement. (See *Rent-A-Center, West, Inc. v. Jackson* (2010) 561 U.S. 63, 66 [arbitrator had "exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement"]; *Nickson v. Shemran, Inc.* (2023) 90 Cal.App.5th 121, 131 [arbitrator had "'exclusive authority to resolve . . . disputes' involving 'enforceability' of the Agreement"]; *B.D. v. Blizzard Entertainment, Inc.* (2022) 76 Cal.App.5th 931, 957 [delegation clause provided "'[t]he arbitrator shall determine the scope and enforceability of this arbitration agreement'"].)

## DISPOSITION

The order denying the motion to compel arbitration is affirmed.  Agundez is to recover his costs on appeal.

FEUER, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.